# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-0715V**
**Filed: December 12, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
IRENE DRISCOLL, *
*
Petitioner, * Damages Decision Based on Proffer;
v. * Influenza ("Flu") Vaccine; Shoulder
* Injury Related to Vaccine Administration
SECRETARY OF HEALTH * ("SIRVA"); Special Processing Unit
AND HUMAN SERVICES, * ("SPU")
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus, Law Offices, Chicago-Kent College of Law, Chicago, IL, for petitioner.*
*Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury that was caused-in-fact by an influenza ("flu") vaccine she received on October 15, 2014. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 3, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccination ("SIRVA"). On December 9, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $95,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $95,000.00 in the form of a check payable to petitioner, Irene Driscoll.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

IRENE DRISCOLL,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 16-715V
Chief Special Master
Nora Beth Dorsey
ECF

**PROFFER ON AWARD OF COMPENSATION**

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $95,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $95,000.00, in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-0515

DATED: 9 December 2016